## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**BILLY MORRISON,**

     Plaintiff,

**vs.**                                      **CASE NO.: 4:18-cv-576**

**The FLORIDA DEPARTMENT OF
CORRECTIONS,** an agency of the state of Florida,
**The GEO GROUP, INC.,** a Florida Corporation,
**CORRECT CARE SOLUTIONS, LLC,** a Tennessee
Limited Liability Company,
**GREGORY POYTHRESS,** in his individual capacity,
**JORGE LUIS ALVAREZ,** in his individual capacity.

     Defendants.

_____/

## COMPLAINT

The Plaintiff, **BILLY MORRISON**, by and through his undersigned counsel,

hereby sues the **FLORIDA DEPARTMENT OF CORRECTIONS**, the **GEO**

**GROUP, INC., CORRECT CARE SOLUTIONS, LLC**, **GREGORY**

**POYTHRESS**, and **JORGE LUIS ALVAREZ** and alleges as follows:

## JURISDICTION AND VENUE

1.     Plaintiff brings the following claims for: (1) Violation of the Americans

with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.,* and section 504 of the

Rehabilitation Act of 1973, 29 U.S.C. § 794, as amended, and (2) Violation of the

Civil Rights Act of 1871, 42 U.S.C. § 1983 based on violations of the Eighth Amendment to the United State Constitution for Failure to Provide Medical Care, for which venue lies within the United States District Court for the Northern District of the State of Florida (Tallahassee Division).

2.     Jurisdiction and venue are proper in the Northern District of Florida (Tallahassee Division) in that the acts of misconduct occurred within the Northern District of Florida and as a result of Hurricane Michael destroying the Federal Courthouse in Panama City, rendering it closed indefinitely.

3.     This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331.

4.     The claims alleged herein are brought within the applicable statute of limitations.

5.     The Plaintiff has complied with all conditions precedent and exhausted all administrative remedies prior to filing this action. On multiple occasions, the Plaintiff submitted formal grievances at the facilities he was detained. However, Plaintiff asserts that he never received a tracking number or a response until late 2017 for the grievance that ultimately led to his receiving treatment for HCV from Defendant Florida Department of Corrections at the Reception and Medical Center ("RMC"), West Unit.

6.     Upon information and belief, Defendant Geo Group, Inc. and Defendant Correct Care Solutions, LLC receive federal funding through their contracts with Defendant Florida Department of Corrections.

## THE PARTIES

### Plaintiff Billy Morrison

7.     Plaintiff, Billy Morrison (hereinafter "Morrison") brings this action for violation of the Americans with Disabilities Act and Rehabilitation Act. Plaintiff Morrison is an inmate incarcerated in the State of Florida and was an inmate at all times relevant hereto.

8.     Plaintiff tested positive for Hepatitis C Virus (or "HCV") while incarcerated at Blackwater Correctional Institution (hereinafter "Blackwater CI"). Plaintiff was originally diagnosed with HCV in 1993, however, his HCV remained dormant until approximately 2014. Defendants Geo Group, Inc., Correct Care Solutions, LLC, and Florida Department of Corrections ordered, required, and/or conducted regular testing of the Plaintiff to monitor his HCV while incarcerated. In 2014, Plaintiff's HCV became more life threatening, rendering him as high risk and requiring treatment for his HCV. As a result of such testing, Plaintiff was transferred to Graceville Correctional Facility (hereinafter "Graceville CF") in October of 2015 so that he could receive the treatment necessary to treat and cure his HCV.

### Defendant GEO Group, Inc.

3

9.     Defendant GEO Group, Inc. (hereinafter "GEO") is a Florida-based company and private prison owner and operator. Defendant GEO operates private correctional facilities in Florida pursuant to contracts entered into with the State of Florida and the Florida Department of Corrections.

10.     Blackwater CI is a private correctional facility in Florida operated by Defendant GEO under contract with the State of Florida and the Florida Department of Corrections. GEO operated Blackwater CI at all times relevant to this Complaint.

11.     Graceville CF is a private correctional facility in Florida operated by Defendant GEO under contract with the State of Florida and the Florida Department of Corrections. GEO operated Graceville CF at all times relevant to this Complaint.

## Defendant Correct Care Solutions, LLC

12.     Defendant Correct Care Solutions, LLC, (hereinafter "CCS") provided medical services at Graceville CF at all times relevant to this Complaint.

13.     Defendant Jorge Luis Alvarez is a licensed medical doctor certified to practice in an Area of Critical Need who worked at Graceville CF at all times relevant hereto. Alvarez refused to treat Plaintiff's HCV despite being aware of Plaintiff's serious medical condition and disability.

## Defendant Florida Department of Corrections

14.     Defendant Florida Department of Corrections (hereinafter "DOC") is an agency of the State of Florida receiving federal funds to operate its agency.

4

Defendant DOC's is headquartered in Leon County, Florida and therefore venue is proper in Tallahassee, Florida.

## Defendant Jorge Luis Alvarez

15.    Defendant Jorge Luis Alvarez (hereinafter "Alvarez") is a licensed medical doctor certified to practice in an Area of Critical Need who worked at Graceville CF at all times relevant hereto. Alvarez refused to treat Plaintiff's HCV despite being aware of Plaintiff's serious medical condition and disability.

16.    At all times relevant hereto, Defendant Alvarez acted under color of state law and intentionally deprived Plaintiff of his rights under the United States Constitution. Defendant Alvarez is sued in his individual capacity.

## Defendant Gregory Poythress

17.    Defendant Gregory Poythress (hereinafter "Poythress") is an Advanced Registered Nurse Practitioner ("ARNP") who worked at Graceville CF at all times relevant hereto.

18.    At all times relevant hereto, Defendant Poythress acted under color of state law and intentionally deprived Plaintiff of his rights under the United States Constitution. Defendant Poythress is sued in his individual capacity.

## Hepatitis C Virus (HCV) and Plaintiff

19.     Chronic HCV is, as a matter of law, a serious medical need.

20.     HCV is a viral infection, which is spread by exposure to blood or blood products. The principal consequence of HCV is an infection of the liver, which causes inflammation that in turn may result in scarring of the liver, fibrosis of the liver, and even cirrhosis of the liver. Liver scarring can significantly impair the liver function and damage its crucial role in filtering toxins from the blood, as well as making proteins involved in liver clotting and fighting infections.

21.     Liver scarring places patients at risk of liver failure or liver cancer.

22.     Due to the symptoms of HCV, individuals with HCV may have a disability as defined by the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA").

23.     Plaintiff had chronic HCV. Despite knowing that Plaintiff had chronic HCV and test results that required Plaintiff to receive treatment, Defendants have been deliberately indifferent to the medical needs of Plaintiff by denying him direct acting antivirals, medicine Plaintiff was entitled to under the United States Constitution and the ADA and RA.

24.     Plaintiff has a disability as defined under the ADA and RA because Plaintiff's chronic HCV has caused him to suffer a physical impairment that substantially limits one or more of his major life activities.

25.     Plaintiff's HCV limited his major bodily functions, including his circulatory system, liver, liver enzymes, immune system, and normal cell growth.

26.    Plaintiff requested an accommodation for his HCV/chronic HCV—that is, treatment which could result in a cure for his disability. Plaintiff was denied treatment and accommodations for his disability and condition. Such denial constituted a deliberate indifference because the denial of the HCV treatment was due, in part, to the cost of the medicine.

27.    Plaintiff's request for the HCV medicine, direct acting antivirals, was a reasonable request and a reasonable accommodation as the Defendants were constitutionally required to provide such medicine, as well as required to provide it under the ADA and RA.

28.    Defendants had actual knowledge of Plaintiff's HCV from the time Plaintiff requested accommodations and treatment in 2015.

29.    Despite receiving treatment in late 2017, Plaintiff still suffered injuries, including injuries to his liver. As a result of the Defendants' constitutional violations and violations of the ADA and RA, Plaintiff was also required to undergo several medical procedures where variceal bands were placed around his esophageal veins that were at risk of rupturing to prevent Plaintiff from bleeding out.

30.    Upon information and belief, Defendant GEO and Defendant CCS receive federal funding through their contracts with Defendant DOC. Defendant DOC is responsible for overseeing the operations of its contractors, including Defendants GEO and CCS.

31.     Defendants GEO, CCS, and DOC are public entities within the meaning of Title II of the ADA.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983
## Eighth Amendment Claim Against Defendants Poythress and Alvarez

32.     The Plaintiff, Billy Morrison, incorporates and re-alleges Paragraphs 1 through 31 as if fully set forth herein.

33.     Plaintiff brings this claim against Defendants Poythress and Alvarez for a violation of 42 U.S.C. § 1983 based on Defendants Poythress and Alvarez's deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

34.     At all times relevant hereto, Defendants Poythress and Alvarez acted under color of state law and intentionally deprived Plaintiff of his rights under the United States Constitution.

35.     Defendants Poythress and Alvarez are being sued in their individual capacities.

36.     Plaintiff had a serious medical need as he was diagnosed with chronic HCV. Defendants Poythress and Alvarez were subjectively aware that Plaintiff had chronic HCV and suffered from symptoms associated with chronic HCV. Plaintiff's condition and serious medical need was so obvious that even a layperson would easily recognize the necessity for a doctor's attention and treatment.

37.     The delay in treatment, or the refusal to provide treatment, by Defendants Poythress and Alvarez worsened Plaintiff's condition. Left untreated, Plaintiff's medical need posed a substantial risk of serious harm and in fact did cause serious harm.

38.     Chronic HCV is a serious medical condition.

39.     Individuals with chronic HCV have a serious medical need.

40.     Plaintiff had a serious medical need during this time period.

41.     Between 2015 and 2017, Defendants Poythress and Alvarez refused to provide Plaintiff with direct acting antivirals (hereinafter "DAAs"), a treatment and cure for HCV. Although Plaintiff obtained cursory medical attention, Plaintiff did not receive what he was constitutionally entitled to—DAAs.

42.     Plaintiff did not receive the constitutionally-required DAA treatment because of the cost of the treatment.

43.     Defendants Poythress and Alvarez's refusal to provide Plaintiff with the constitutionally-required DAA treatment constitutes a deliberate indifference to Plaintiff's serious medical needs.

44.     Plaintiff suffered damages as a result of Defendants Poythress and Alvarez's constitutional violation, including permanent physical injuries and emotional pain and suffering.

WHEREFORE, the Plaintiff, Billy Morrison, demands judgment against Defendant Poythress and Defendant Alvarez for compensatory damages, punitive damages, attorney's fees and costs, and such other relief as this court deems appropriate.

## COUNT II
## VIOLATIONS OF TITLE II OF THE ADA AND SECTION 504 OF THE RA
## Against Defendants GEO, CCS and DOC
### *(pled in the alternative)*

45.     The Plaintiff, Billy Morrison, incorporates and re-alleges paragraphs 1 through 31 above, except to the extent that, for the purposes of this Count, the Plaintiff pleads in the alternative and alleges that, at all material times hereto, Defendants GEO, CCS, and DOC's agents and employees were operating within the scope of their employment.

46.     Count Two is a claim for disability discrimination against Defendants GEO, CCS, and DOC pursuant to 42 U.S.C. § 1983, for violating Title II of the ADA. Title II of the ADA prohibits disability-based discrimination by any public entity, including refusal to provide reasonable accommodations. *See* 42 U.S.C. §§ 12131–12132; 28 C.F.R. §§ 35.130, 39.130.

47.     Section 504 of the RA prohibits discrimination against an individual based on disability by any program or entity receiving federal funds. *See* 29 U.S.C. §§ 794(a), (b)(1)(A), (b)(1)(B), and (b)(2)(B).

48.     These disability anti-discrimination laws impose an affirmative duty on public entities to create policies or procedures to prevent discrimination based on disability.

49.     Plaintiff was disabled as defined in 42 U.S.C. § 12102, 42 U.S.C. § 12131, and 28 C.F.R. §§ 35.108, as he suffered a physical impairment that substantially limited one or more of his major life activities.

50.     Defendant GEO is a program or entity that receives federal financial assistance, at least in part by virtue of the services it provided on behalf of Defendant DOC.

51.     Defendant CCS is a program or entity that receives federal financial assistance, at least in part by virtue of the services it provided on behalf of Defendant DOC.

52.     Defendant DOC is a program or entity that receives federal financial assistance.

53.     Defendant GEO is a public entity as defined by Title II of the ADA.

54.     Defendant CCS is a public entity as defined by Title II of the ADA.

55.     Defendant DOC is a public entity as defined by Title II of the ADA.

56.     Defendant DOC's prison, Graceville CF, operated by Defendant GEO, is a facility and its operation comprises a program of service for purposes of Title II of the ADA.

57.    Defendant CCS contracted with Defendant DOC to provide medical services to Graceville CF and thus provides a program of service for purposes of Title II of the ADA.

58.    Plaintiff was an individual qualified to participate in or receive the benefit of Defendant DOC's, Defendant GEO's, and Defendant CCS' services, programs, or activities.

59.    Plaintiff requested reasonable accommodations for his HCV/chronic HCV. HCV/chronic HCV is a disability under the ADA and RA. HCV can cause a disability as the term is defined under the ADA and RA. HCV did cause Plaintiff to have a disability as defined under the ADA and RA.

60.    Defendants GEO, CCS, and DOC delayed providing Plaintiff with the constitutionally-required DAA treatment for Plaintiff's HCV, the reasonable accommodation. Defendants GEO, CCS, and DOC were required to provide such treatment to Plaintiff under the Eighth Amendment to the United States Constitution and under the ADA and RA.

61.    While Defendants GEO, CCS, and DOC provided some treatment, such treatment fell below what is required under the Eighth Amendment and under the ADA and RA. In other words, the treatment that Plaintiff was entitled to from 2015-2017, but which he did not receive, are direct acting antivirals (DAAs). The standard of care during that time period was to treat chronic-HCV patients with DAAs so long

as there are no contraindications or exceptional circumstances. Defendants GEO, CCS, and DOC's failure to treat Plaintiff's HCV with DAAs was deliberately indifferent in that it was commonly known that the standard of care for patients with chronic HCV was to treat with DAAs. However, such treatment was not provided by Defendants GEO, CCS, and DOC because the cost was too expensive. In fact, by mid-2016, even Defendant DOC updated its HCV treatment policy to acknowledge that prescribing DAAs was the standard of care.

62.    Plaintiff does not simply allege that he received some treatment, albeit not the desired treatment. Plaintiff is alleging that although he received some treatment, it was not the treatment he was entitled to under the Eighth Amendment and the ADA/RA—treatment with DAAs. The non-DAA treatment and accommodation given to Plaintiff is akin to treating a chronic diabetic with a jelly donut when his blood sugar is low: Indeed, the jelly donut will "treat" the low blood sugar diabetic where the goal is to raise his blood sugar from life-threateningly low levels, but it will not stop, and therefore not cure, his blood sugar from rising to such a high level that could result in a diabetic coma or death. Such a course of treatment, the jelly donut, would obviously show deliberate indifference if there were in fact a treatment that could be administered to cure diabetes. In other words, the non-DAA treatment Defendants GEO, CCS, and DOC provided to the Plaintiff for his HCV

between 2015 and 2017 amounts to nothing more than ineffective and constitutionally deficient treatment.

63.    DAAs were readily available to Defendants GEO, CCS, and DOC during this time period and yet they refused to provide Plaintiff with this treatment. Instead, Defendants GEO, CCS, and DOC provided treatment that can only be charitably described as cursory.

64.    Upon information and belief, such treatment and accommodation was delayed and denied by Defendants GEO, CCS, and DOC because of the cost of the treatment and accommodation.

65.    Denying/delaying treatment or an accommodation because of cost constitutes deliberate indifference towards the Plaintiff's disability and serious medical needs. Defendant DOC's deliberate indifference is evidenced by not only their refusal to provide the DAAs, but also, due to lack of funds to purchase and provide the treatment, their failure to even request adequate funding from the Florida Legislature so that they could purchase the DAAs.

66.    Such conduct constitutes discrimination and a refusal to accommodate in violation of Title II of the ADA and section 504 of the RA.

67.    Had Defendants GEO, CCS, and DOC provided the accommodation and DAA treatment when requested from 2015 through 2017, Plaintiff would not

have suffered additional injuries, including both physical and emotional pain and suffering.

WHEREFORE, the Plaintiff, Billy Morrison, demands judgment against Defendant GEO, CCS, and DOC for compensatory damages, including for physical injury, disfigurement, permanent physical injury, and emotional pain and suffering, for punitive damages, for all prejudgment interest allowable under law, for attorney's fees and costs incurred in connection with this litigation, and for such other relief as this court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all counts alleged above.

DATED this 17th day of December, 2018.

Respectfully submitted,

The Law Offices of
STEVEN R. ANDREWS, P.A.
822 North Monroe Street
Tallahassee, Florida 32303
T: (850) 681-6416 / F: 681-6984

*/s/ Ryan J. Andrews*
RYAN J. ANDREWS (FBN 0104703)

*/s/ John M. Vernaglia*
JOHN M. VERNAGLIA (FBN 1010637)
STEVEN R. ANDREWS (FBN 0263680)
Service: service@andrewslaw.com
*Attorneys for Plaintiff*

15